CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 0 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 5:09CR00013 |
| | ) | Civil Action No. 5:10CV80253 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOUGLAS JAY RANKIN, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Douglas Jay Rankin, a federal inmate proceeding pro se, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Rankin raises several claims of ineffective assistance of counsel, including a claim that counsel failed to file a direct appeal despite being requested to do so. The case is presently before the court on the government's motion to dismiss, in which the government argues that Rankin waived his right to collaterally attack his sentence, and that his claims are without merit. Because Rankin's claim that counsel failed to file a direct appeal is not barred by his waiver of collateral-attack rights and requires further factual development, the government's motion to dismiss will be denied in part and taken under advisement in part, and the matter will be referred to a magistrate judge for an evidentiary hearing on that claim.

## Background

On March 19, 2009, Rankin and his wife, Lisa, were charged in a five-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Rankin with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Count Two charged Rankin with possessing with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Count Three charged Rankin

with possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Count Four charged Rankin with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

On May 15, 2009, the government filed an information, pursuant to 21 U.S.C. § 851, which notified Rankin that he would be subject to enhanced penalties as a result of a prior drug conviction. Approximately three months later, on August 24, 2009, Rankin entered pleas of guilty to Counts One and Four of the indictment, pursuant to a written plea agreement. In the agreement, the government agreed to dismiss the remaining charges against Rankin. The government also agreed to file a substantial assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. In exchange, Rankin stipulated that he was subject to increased statutory penalties as a result of his prior drug conviction, and that he should be held responsible for at least 500 grams but less than 1.5 kilograms of methamphetamine. Rankin also agreed to waive his right to collaterally attack, in any future proceeding, "any order issued in this matter," and his right to appeal his sentence "on any ground." (Plea Ag. at 10).

The court conducted Rankin's sentencing hearing on December 8, 2009. The court ultimately granted the substantial assistance motion filed by the government and sentenced the defendant to a total term of imprisonment of 240 months.[1] Rankin did not appeal his convictions or sentence.

---

[1] The court imposed a 180-month term of imprisonment for the conspiracy conviction and a consecutive 60-month term of imprisonment for the § 924(c) conviction.

Rankin filed the instant § 2255 motion on May 20, 2010. In the motion, Rankin asserts several claims of ineffective assistance of counsel, including a claim that his attorney failed to file a direct appeal despite being requested to do so.[2]

## Discussion

The government has moved to dismiss all of Rankin's claims on the basis that Rankin waived his right to collaterally attack his convictions and sentence as part of his plea agreement with the government. However, Rankin's waiver of collateral-attack rights does not bar his claim that his attorney was ineffective in failing to file a notice of appeal. That claim falls outside the scope of the waiver and must be addressed on the merits. See United States v. Embree, 169 F. App'x 761, 762 (4th Cir. 2006) (holding that the defendant's waiver of collateral-attack rights did not preclude his claim that counsel failed to consult with him about an appeal, and noting that the claim was analogous to the claim asserted in United States v. Attar, 38 F.3d 727, 732-733 (4th Cir. 1994), "where [the Court] held that the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings").

The government alternatively argues that Rankin's attorney was not ineffective in failing to file a notice of appeal, since Rankin "expressly gave up his right to appeal his [judgment] and sentence in his plea agreement." (Mot. to Dismiss at 11). This argument, however, is also without merit. It is well-established that "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-927 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)); see also United States v. Peak,

---

[2] Rankin's additional claims are as follows: (1) counsel was ineffective in failing to file discovery motions; (2) counsel was ineffective in failing to challenge the § 851 enhancement; and (3) counsel was ineffective in failing to challenge the defendant's sentence.

992 F.2d 39, 42 (4th Cir. 1993). "This is true even if the defendant has waived his right to appeal." United States v. Santana, 263 F. App'x 334, 335 (4th Cir. 2008); see also United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) (holding that an attorney is required to file a notice of appeal when instructed to do so by the client, "even if doing so would be contrary to the plea agreement and harmful to the client's interests"). Thus, if Rankin can prove that he instructed his attorney to file a notice of appeal, Rankin will be entitled to relief in the form of a new opportunity to pursue a direct appeal. Because this claim cannot be fully resolved on the existing record,[3] the court will refer the matter to a magistrate judge for an evidentiary hearing.

## Conclusion

For the foregoing reasons, the government's motion to dismiss will be denied in part and taken under advisement in part, and the case will be referred to the Honorable B. Waugh Crigler, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the defendant's claim that counsel failed to file a direct appeal despite being asked to do so. The magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of all of the defendant's claims, pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[3] According to the government's motion to dismiss, the defendant's attorney declined to provide an affidavit refuting the defendant's claim that he asked the attorney to file a direct appeal, based on a recent opinion issued by the American Bar Association Standing Committee on Ethics and Professional Responsibility. See ABA Formal Opinion 10-456 (July 14, 2010) (addressing "whether a criminal defense lawyer whose former client claims that the lawyer provided constitutionally ineffective assistance of counsel may, without the former client's informed consent, disclose confidential information to government lawyers prior to any proceeding on the defendant's claim in order to help the prosecution establish that the lawyer's representation was competent"). Consequently, the government requested that the matter be set for an evidentiary hearing if the court was unable to resolve the claim on the existing record.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the defendant, counsel of record for the government, and Judge Crigler.

ENTER: This _30th_ day of December, 2010.

_____
Chief United States District Judge