IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:09-cr-00013 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DOUGLAS JAY RANKIN ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Douglas Jay Rankin's motion for early termination of supervised release. (Dkt. No. 158.) Both the government and the probation office indicate that they oppose early termination. The court will deny Rankin's motion.

I.  BACKGROUND

In 2009, Rankin pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime. The court sentenced Rankin to 240 months in prison—180 months on the conspiracy charge and a consecutive 60-month sentence on the firearm charge. (Dkt. No. 84.)[1] The court also sentenced Rankin to ten years of supervised release. (*Id.*) In 2015, the court reduced Rankin's motion to a total of 145 months—85 months on the conspiracy charge and 60 months consecutive on the firearm charge—pursuant to the government's Rule 35(b) motion and Rankin's motion pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Dkt. No. 150.) Rankin's term of supervised release remained unchanged.

Rankin was responsible for distributing an estimated 115 kilograms of methamphetamine. (Presentence Investigation Report (PSR) ¶ 9, Dkt. No. 154.) The conspiracy lasted from 2003 to 2009. (*Id.* ¶ 12.) At the time of his arrest, officers seized over $100,000 in cash, more than half a

---

[1] Rankin did not appeal but he did file a motion for relief from his conviction pursuant to 28 U.S.C. § 2255. The court denied Rankin's § 2255 motion in 2011. (Dkt. No. 130.)

kilogram of methamphetamine, 23 vehicles, and 24 firearms. (*Id.* ¶ 6.) Rankin told officers that, of the money that they seized, approximately $50,000 to $60,000 was from drug proceeds and some of the vehicles and ATVs were received as payment for drugs in lieu of cash. (*Id.* ¶ 8.) Rankin had a criminal history involving various drug offenses. (*Id.* ¶¶ 26–30.)

Rankin was released from prison to a halfway house on May 15, 2019. He was released from there on July 19, 2019, when he began his federal supervision. Rankin states that he has complied with all the requirements of his supervision and has been continually employed. He also notes that he was a model prisoner while incarcerated. (Dkt. No. 159.)

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering certain of the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. Such factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early

termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

The court commends Rankin for his compliant behavior while on supervision. That said, as the probation officer has noted, Rankin was rewarded for his conduct by a reduction in supervision which resulted from his placement on the administrative caseload in March 2021. Moreover, Rankin's offense conduct was very serious, resulting in a lengthy term of supervision. Reducing Rankin's term by about seven years would undermine the need for the sentence to provide adequate deterrence and to protect the public from further crimes by Rankin.

### III.  CONCLUSION

For the foregoing reasons, Rankin's motion for early termination of supervised release (Dkt. No. 159) is DENIED.[2]

The clerk is directed to provide a copy of this memorandum opinion and order to the defendant, all counsel of record, and the United States Probation Office.

Entered: April 5, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] This ruling does not preclude Mr. Rankin from seeking early termination of supervised release in the future.